Dear Col. Passalaqua,
Your request for an Attorney General Opinion was forwarded to me for research and reply. Your request posed two questions:
 Whether an adjudication of delinquency for a felony can be used as grounds to reject a prospective handgun purchaser's application under the "Brady Bill," 18 U.S.C 922 et seq.?
 Whether a felony conviction not enumerated under La. R.S. 14:95.1 can be used to reject a prospective handgun purchaser's application under the "Brady Bill," 18 U.S.C. § 922 et seq.?
As a preliminary matter, it must be understood that the "Brady Handgun Violence Prevention Act" requires that an application to purchase a handgun be rejected if either the purchase or possession of a handgun by the applicant would violate federal, state or local laws. The pertinent state statute, La. R.S.14:95.1, prohibits persons who have been convicted of any of the enumerated offenses from possessing firearms.
Louisiana's laws and constitution establish separate procedures for dealing with juveniles and adults who violate state laws. Except as provided in La. Ch. C. art. 305 et seq. and La. Ch. C. art. 857 et seq., a juvenile may not be charged and convicted in criminal court of committing a crime. Instead, a juvenile who violates state criminal laws may be adjudicated a delinquent in juvenile court. See La. Ch. C. art. 801 et seq. By definition, an adjudication of delinquency is not a conviction and, as such, may not be used as a conviction. Because La. R.S. 14:95.1 applies to only those who have been convicted of an enumerated offense, it does not apply to juveniles who have been adjudicated as delinquent based on the numerous offenses. Therefore, under the Brady Handgun Violence Prevention Act and La. R.S. 14:95.1, an adjudication of delinquency may not be used to reject the application of a prospective handgun purchaser who is now an adult.
Remedial legislation would be required in order to allow an adjudication of delinquency based on an offense enumerated under La. R.S. 14:95.1 to be used to prevent a person who has subsequently attained the age of majority from being able to purchase or possess a firearm.
It should be noted that La. R.S. 14:91 prohibits the sale of firearms to minors under any circumstances.
In response to your second question, La. R.S. 14:95.1 does not prohibit the possession of firearms by individuals who have been convicted of offenses not specifically enumerated therein. However, individuals who have been convicted of offenses not enumerated in La. R.S. 14:95.1 may be prohibited from owning, possessing, or controlling firearms by other state laws. For example, a sentencing judge may impose a specific condition on a defendant's probation mandating that the defendant refrain from owning or possessing firearms or other dangerous weapons.See La. C.Cr.P. art. 895. This condition of probation can be applicable to any felony offense, regardless of whether it is an enumerated felony under La. R.S. 14:95.1. Likewise, if an individual is released on parole, the Board of Parole may require that the parolee not have in his possession or control any firearms or dangerous weapons. See La. R.S.15:574.4(H)(4)(j). Violation of such a condition of parole or probation would be a violation of state law and therefore would constitute grounds under the Brady Handgun Violence Prevention Act to reject an application for purchase of a handgun.
Therefore, while a felony conviction not enumerated under La. R.S. 14:95.1 may not be used in and of itself to reject a prospective handgun purchaser's application, if the applicant is on supervised probation or parole and is prohibited from owning, possessing or controlling firearms, then his application should be denied.
I hope that this opinion has adequately answered your questions. If this office may be of any further assistance to you, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ ROBERT L. ODINET Assistant Attorney General
RPI/RLO:ckj
cc: Honorable John Mamoulides
District Attorney Louisiana Sheriff's Association Louisiana Chiefs of Police Association Col. Joseph D. Passalaqua, Technical Service Bureau Jefferson Parish Sheriff's Office P.O. Box 327, Gretna, La. 70054
RECEIVED: 3/29/94
RELEASED:
ROBERT L. ODINET Assistant Attorney General